**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BARBARA G. NOAH,

        Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

        Defendant-Appellee.

No.    16-35796

D.C. No. 6:15-CV-01803-BR

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted April 23, 2018**

Before: GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

    Barbara Noah appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Noah's application for disability

insurance benefits and supplemental security income  under Titles II and XVI of

---

    *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

The administrative law judge ("ALJ") did not err in finding Noah's impairments did not meet or equal Listing 12.07 for somatoform disorders. Although the ALJ found Noah did not meet any of the Paragraph B criteria under Listing 12.07, Noah argues the ALJ did not properly analyze Noah's physical and mental impairments in combination and that, contrary to the ALJ's finding, her limitations on her daily living activities rise to the "marked" level. However, Noah's arguments do not show the ALJ erred in finding Noah's combination of impairments do not fulfill the Paragraph B criteria–rather, Noah advocates for an alternative interpretation of the evidence. Because the ALJ supported her conclusions concerning Noah's level of limitation with substantial evidence and provided a rational interpretation of the record, we will uphold the ALJ's decision. *See Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

Noah's contention that the ALJ erred by not articulating a proper rationale for finding Noah's impairments did not equal Listing 12.07 also lacks merit. While Noah argues her conditions equal this listing because her impairments result in her being as functionally limited as those deemed to meet the listing, this is precisely

the type of argument this court has rejected as inadequate to establish equivalency to a listed impairment. A claimant cannot illustrate equivalency by "showing that the overall functional impact of her . . . impairments is as severe as that of a listed impairment." *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013) (citation and internal quotation marks omitted). Instead, a claimant shows equivalency by "present[ing] medical findings equal in severity to all the criteria for the one most similar listed impairment." *Id.* (citation and internal quotation marks omitted); *see also Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001). Noah does not proffer the requisite specific explanation as to how the medical evidence shows her impairments are medically equivalent to Listing 12.07. In addition, an "ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence." *Kennedy*, 738 F.3d at 1178 (citation and internal quotation marks omitted); *accord Lewis*, 236 F.3d at 514. Because Noah did not present a specific theory as to how her conditions medically equaled Listing 12.07, the ALJ did not err.

The ALJ did not err in discounting Noah's testimony. The ALJ applied the requisite two-step framework and cited specific, clear, and convincing reasons for discounting Noah's statements. *See Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th

Cir. 2017). The ALJ cited inconsistencies in Noah's testimony, contradictory objective medical evidence, and conflicting medical testimony. *See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3 1219, 1227 (9th Cir. 2009); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 887 (9th Cir. 2006). While Noah contends it was improper for the ALJ to "single out 'a few periods of temporary well-being . . .' in an attempt to discredit Noah," the record indicates Noah's treatment providers made similar assessments that Noah was in no acute distress, appeared well nourished, and displayed a normal mood over a series of appointments spanning several years. Because the ALJ's interpretation of the record is reasonable and supported by substantial evidence, the ALJ did not err by factoring this information into the analysis of Noah's testimony. *See Revels*, 874 F.3d at 654.

Although Noah takes issue with the ALJ's reliance on her failure to quit smoking as a reason to discount her testimony, the ALJ proffered additional reasons supported by the record for discounting Noah's testimony. Therefore, "the ALJ's reliance on [Noah's] continued smoking, even if erroneous, amounts to harmless error." *Bray*, 554 F.3d at 1227.

Noah also contests the ALJ's comment that Noah "is a single mother of a child diagnosed with significant mental health problems" who "feels

4

uncomfortable leaving her son alone" and "has significant motive to remain at home." Noah argues this amounts to "unsupported speculation" about Noah's motivation for seeking disability benefits and is not supported by the record. However, the ALJ's statement was not included with the portion of the ALJ's decision analyzing Noah's testimony. Rather, the ALJ was recognizing the "competing interests in [Noah's] life are understandably difficult," while nevertheless concluding that "it does not appear that her severe physical or mental problems would reasonably preclude her from performing a range of unskilled light work" within the limitations included in her RFC. As a result, this argument does not address the grounds upon which the ALJ actually discounted Noah's testimony.

The ALJ did not err by discounting lay witness testimony from Noah's friend Michelle Dieke. Noah asserts the ALJ did not provide the requisite germane reasons for discounting Ms. Dieke's statements because she rejected the lay witness testimony for the same reasons she discounted Noah's statements, and the ALJ did not properly evaluate Noah's testimony. Because Noah has not shown the ALJ erred by discounting her own testimony, and Ms. Dieke's report is substantially similar to Noah's subjective complaints, which the ALJ provided clear and convincing reasons for discounting, "it follows that the ALJ also gave

germane reasons for rejecting [Ms. Dieke's] testimony." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

Finally, Noah contends the ALJ's hypothetical to the vocational expert was incomplete because it did not include all of Noah's symptoms and limitations as described in her own testimony, Ms. Dieke's testimony, and the medical opinion evidence. However, these assertions depend upon the errors Noah alleged concerning previous steps in the sequential evaluation. Because Noah has not shown the ALJ erred elsewhere in her analysis, this argument lacks support. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

**AFFIRMED.**